

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**SUZANNE MESSER, ESQ.**
smesser@bsk.com
P: 315.218.8628

May 12, 2021

**VIA ELECTRONIC FILING**

Honorable Gary R. Brown
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re:     *Migliore v. Hofstra University, 2:20-cv-03671 (GRB-ARL)*

Dear Judge Brown:

On April 14, 2021, the Court dismissed Plaintiff's breach of contract claim because he did not adequately plead language in a Hofstra publication that constitutes a specific promise for in-person education.  Plaintiff's conversion claim was also dismissed.  ECF Doc. No. 20.[1]  Plaintiff filed his Second Amended Complaint ("SAC") on April 28, 2021.  ECF Doc. No. 21.  Like Plaintiff's first two pleading attempts, the SAC fails to sufficiently allege a breach of contract claim. Plaintiff's SAC also alleges unjust enrichment and a cause of action for conversion, which is identical to the conversion claim that the Court already dismissed.[2]  Hofstra submits this letter request seeking a pre-motion conference in anticipation of a motion to dismiss the SAC in its entirety pursuant to Rule 12(b)(6).

In the SAC, Plaintiff points to a statement in the Hofstra Law Handbook concerning the use of a student's identification card to access the Law School Building and Law Library "through the use of the card swipes" at the entrances.  He excerpts from the Handbook that "[t]he Law Library is an integral part of the Law School," and describes the library's collection of materials.  These allegations that the use of an access card and a general description of the library constitute a specific promise for in-person education are insufficient to allege breach of contract.

Plaintiff then focuses on the Office of Career Services ("OCS") and alleges that Hofstra offers "on-campus interviewing" with prospective employers.  Plaintiff's quotation of this three-word phrase comes from a description of a program that takes place "each fall." *Handbook*, at 61. This language cannot form the basis of a contract for in-person education in the Spring 2020 Semester. Plaintiff then cherry picks words and phrases from the Handbook stating that Hofstra "hosts" additional recruitment activities and offers career fairs, mock interviews, mentoring, and "**om** [sic] and off-campus networking lunches and receptions…".  *SAC*, ¶ 19 (emphasis in original).  Of course, the Handbook does not promise that Hofstra will "host" events in any

---

[1] A copy of the transcript from the April 14, 2021 telephonic oral argument is attached as **Exhibit A**.

[2] A redline version the SAC as compared to the prior complaint is attached for the Court's reference as **Exhibit B**.

Hon. Gary R. Brown
May 12, 2021
Page 2

particular way, and "hosting" an event can occur in a variety of manners (and did occur remotely in the Spring of 2020).  Notably, the SAC does not allege any career services event that Plaintiff attempted to attend during the Spring 2020 Semester that was not offered.  Other amendments focus on "access to" OCS, the IT Help Desk, computer labs and student lounges.  Again, "access" is not limited to "in-person" access only and the Handbook does not make such a promise.

In the SAC, Plaintiff doubles down on his allegations concerning "distance learning," and alleges that there were no "online" courses offered prior to the pandemic.  Any "prior course of conduct" cannot form the basis of a contract between Hofstra and its students.  *Hassan v. Fordham Univ.*, 20-cv-3265, 2021 WL 293255, at *7 (S.D.N.Y. Jan. 28, 2021) (rejecting that a promise to provide in-person education arose based on "custom" or the "nature of plaintiff's dealings" with Fordham); *Zagoria v. New York Univ.*, 20-cv-3610, 2021 WL 1026511, at *5 (S.D.N.Y. Mar. 17, 2021) (rejecting that the parties' "conduct" could define the terms of the student-university contract).  Plaintiff's allegations that the "distance education" reference in the Handbook somehow created a contract for in-person education during the Spring 2020 Semester (as the Court aptly noted on April 14) are a "huge leap," and do not create a specific promise for in-person education.[3]

The remaining amendments in the SAC focus on a course schedule and Plaintiff's registration information, which provide the locations, times and dates of courses. A course schedule is informational guidance only and does not create a specific promise that a course will at all times and under all circumstances be held in person in a particular classroom.  *Hassan*, 2021 WL 293255, at *6; *In re Columbia*, 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021).

With respect to fees, Plaintiff alleges he paid a $53 Health Services fee to support "Student Health Services, [the] Fitness Center, and the Hofstra Wellness and Campus Living Center." *SAC*, ¶ 36.  Plaintiff cites to no Hofstra publication that states that these "services" were supported by the Health Services Fee. This is a critical pleading deficiency.  Plaintiff also alleges that he paid a $30 Activity Fee but does not allege what services were purportedly funded by this fee, other than making a feeble reference to the Night Owl Breakfast and Ice Cream Social. *SAC*, ¶ 37.  While breakfast and an ice cream social may be enjoyable events, they do not support allegations of a specific promise for in-person education.

In its April 14 decision, the Court declined to dismiss Plaintiff's unjust enrichment claim. Plaintiff had argued that he can plead unjust enrichment in the alternative because Hofstra disputes his breach of contract claim.  Hofstra, however, does not dispute the existence of a contract; rather, the intrinsic value of an "on campus experience" is not one of the terms of that

---

[3] As discussed during the April 14 oral argument, the "distance learning" policy referenced by Plaintiff is a statement of the New York State Board of Law Examiner's requirements to be eligible to sit for the bar examination. Exhibit A, at 32-33.

Hon. Gary R. Brown
May 12, 2021
Page 3

contract.  *Lindner v. Occidental Coll.*, 2020 WL 7350212, at *9, n.3.  Accordingly, the unjust enrichment claim cannot survive a Rule 12(b)(6) motion, even in the face of an insufficiently plead breach of contract claim.[4]  *In re Columbia*, 2021 WL 790638, at *9 (rejecting plaintiffs' argument that they may plead unjust enrichment in the alternative because the parties did not dispute that they shared a contractual relationship).

The SAC does not contain any amended allegations in the re-asserted conversion claim (*SAC*, ¶¶ 73-77), and it should be dismissed for the same reasons as it was dismissed on April 14.

As the landscape of the law in these refund class action cases has continued to develop, courts have continued to dismiss claims like those asserted in the SAC.  The discussion of the relevant law in the context of similar allegations is instructive but cannot be fully briefed in these limited pages.  For this reason, Hofstra requests permission to fully brief its proposed Rule 12(b)(6) motion and proposes to do so in a timely manner following the anticipated pre-motion conference.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*s/Suzanne Messer*

Suzanne Messer

cc: Counsel of Record (via ECF)

---

[4] As asserted in Hofstra's prior pre-motion conference request, Plaintiff is required to plead tortious or fraudulent conduct of Hofstra to support an unjust enrichment cause of action.  *Hassan*, 2021 WL 293255, at *10-11.  The SAC does not plead such allegations and is subject to dismissal for that reason as well.