UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GABRIEL STELLATO, et al.,

                                Plaintiffs,

                                                  **MEMORANDUM & ORDER**
      -against-                                            CV 20-1999 (GRB)(ARL)

HOFSTRA UNIVERSITY,

                                Defendant.
------------------------------------------------------------------------X
MATTHEW MIGLIORE,

                                Plaintiff,

      -against-                                          CV 20-3671 (GRB)(ARL)

HOFSTRA UNIVERSITY - MAURICE A. DEANE
SCHOOL OF LAW.

                                Defendant.
------------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

       Plaintiffs in each of these putative class actions are Hofstra students who seek to recover damages against defendant Hofstra University ("defendant") for breach of contract because Hofstra transitioned to remote instruction during the Spring 2020 Term pursuant to mandatory State closure orders during the global COVID-19 pandemic. Before the Court is the question of whether the "home state exception" to federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), requires the Court to decline to exercise jurisdiction over these referenced class actions.

**DISCUSSION**

CAFA provides federal district courts "with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2)). The Act's purpose was to expand the availability of federal jurisdiction over class actions with nationwide import even in the absence of complete diversity. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

Consistent with this purpose, CAFA contains mandatory exceptions that direct a district court to "decline jurisdiction" over class actions that primarily concern local or state interests. 28 U.S.C.A. § 1332(d)(4); *see Gold v. New York Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013). Applicable here, the "home state exception" requires the court to decline jurisdiction if two-thirds or more of the proposed class and the primary defendants are citizens of the state in which the action was filed. 28 U.S.C.A. § 1332(d)(4)(B). "[T]he party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies." *Gold v. New York Life Ins. Co.*, No. 09-Civ. 3210 (WHP), 2012 WL 1674300, at *1 (S.D.N.Y. May 14, 2012), *aff'd* 730 F.3d 137, 142 (2d Cir. 2013).

In addition, CAFA provides a "discretionary" exception, which allows a court, in the "interests of justice and looking at the totality of the circumstances," to decline to exercise jurisdiction where "greater than one-third but less than two-thirds of the members" of the proposed class and the primary defendants are citizens of the state in which the action was originally filed." 28 U.S.C.A. § 1332(d)(3). Under this exception the court considers six statutory factors, including: whether the claims asserted involve matters of national or interstate interest; whether the claims asserted will be governed by laws of the state in which the action was originally filed; and, whether

the number of citizens of the state in which the action was originally filed is substantially larger than the number of citizens from any other state. 28 U.S.C. §§ 1332(d)(3)(A); (B); (E). In determining whether the CAFA exceptions apply, courts have applied a preponderance of the evidence standard. *See Gibson v. Bartlett Dairy, Inc.*, No. 20-cv-2848(NGG)(SJB), 2022 WL 784746, at *3 (E.D.N.Y. Mar. 15, 2022).

Pursuant to an Order by the Court dated May 12, 2022, defendant produced data indicating that the proposed class actions are comprised primarily of New York citizens. *See* 20-cv-1999, DE 41 (noting that 636 students out of the 782 total enrolled in defendant's law school are New York residents; 2,452 students out of the 2,860 total enrolled in defendant's graduate schools are New York residents; and 3,692 students out of the 6,039 total enrolled in defendant's undergraduate program are New York residents. Therefore, 6,780 students of the total class of 9,681 students were New York residents or 70.03%); 20-cv-3671, DE 30 (noting that 636 students out of the 782 total enrolled in defendant's law school are New York residents or 81.33%). As such, defendant appears to have established by a preponderance of the evidence that greater than two-thirds of the proposed plaintiff classes as well as defendant are citizens of New York. Thus, the data suggests that the higher threshold requirements of the home state exception have been met. *See, e.g., Richins v Hofstra Univ.*, 908 F. Supp. 2d 358, 363 (E.D.N.Y. 2012) (remanding a class action brought by Hofstra Law Students against Hofstra University under CAFA's home state exception).

Nevertheless, in the alternative, it is unquestionable that more than one-third of the proposed plaintiff classes, as well as defendant, are citizens of New York, and therefore the Court has discretion to consider whether to decline to exercise jurisdiction. The Court has considered all six enumerated factors and finds most compelling that these class actions involve New York State

Mandates and Executive Orders, New York State Law claims and consist primarily of New York State citizens.  §§ 1332(d)(3)(A); (B); (E).  To further delay these matters would be a waste of not only the parties' time but also judicial resources.

Accordingly, the Court declines to exercise jurisdiction.

## CONCLUSION

Based on the foregoing, the Court declines to exercise its jurisdiction as required by § 1332(d)(4)(B).  In the alternative, the Court declines to exercise its jurisdiction as permitted by § 1332(d)(3).  The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       June 17, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge